**LEVER BROTHERS COMPANY,**
**Appellant,**

**v.**

**PHYSICIANS FORMULA COSMETICS,**
**INC., Appellee.**

**Patent Appeal No. 8856.**

United States Court of Customs and Patent Appeals.

Aug. 16, 1973.

Louis F. Kline, Jr., Ossining, N. Y., attorney of record, for appellant.

Dan R. Sadler, Los Angeles, Cal., attorney of record, for appellee. Nelson H. Shapiro, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN, and LANE, Judges, and WATSON, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

This is an appeal by Lever Brothers Company from a decision of the Trademark Trial and Appeal Board[1] dismissing an opposition to the application of Physicians Formula Cosmetics, Inc. to register the words SUN SHIELD as a trademark for "liquid make-up; skin lubricating and protection lotion."

Registration has been opposed by Lever Brothers Company, registrant of SHIELD for soap,[2] dentifrice,[3] and spray deodorant for human use.[4] The record shows opposer's use of the mark SHIELD on a dentifrice since at least

1. Abstracted at 166 USPQ 160 (1970).

2. Registration No. 647,223, registered June 18, 1957.

3. Registration No. 594,628, registered August 31, 1954.

4. Registration No. 659,136, registered March 4, 1958.

**1342**

1954, that sales for SHIELD toilet soap began in 1956, and that opposer has marketed SHIELD deodorants in various forms, and has expended $600,000 in the advertising promotion thereof, while sales thereof have approximated $100,000. There is no indication as to any present use of SHIELD on deodorants. It is stated that SHIELD has also been used as a mouthwash and a detergent.

Opposer's witness has testified that for the past few years it has been planning to test market a product with skin care properties under the mark SHIELD. The prior use of the mark by the opposer is established by the record. The goods involved here, for the most part, are toiletries and it can be assumed they move through the same trade channels and retail outlets. The question is, is there a likelihood of confusion by the perspective purchasers as to the source of the respective goods. We think not.

We agree with the decision of the board and feel that they correctly capsuled the question here involved, holding as follows:

> When we consider the marks, it is apparent that applicant's "SUN SHIELD" embodies opposer's registered mark "SHIELD" in its entirety. On the other hand, such a factor does not necessarily lead to the conclusion that confusion in trade is likely. See: Los Angeles Soap Company v. John H. Breck, Inc., 136 USPQ 488 (TT&A Bd., 1963); and cases cited therein. In our opinion, the marks here involved are distinguishable in sound and appearance, and create different commercial impressions. While opposer urges that the word "SUN" is merely descriptive of applicant's goods and entitled to little or no consideration in comparing the marks, it is our view that the word "SUN" is not merely descriptive of a skin lubricating and protective lotion and that applicant's mark, when viewed in its entirety, suggests that applicant's product will shield the skin from the rays of the sun.

While appellant has urged that it has established a family of SHIELD marks, we do not find that this record establishes that appellee's goods are within the realm of reasonable expansion of appellant's line of goods, despite testimony that appellant was "planning test marketing of a product with skin care properties under the name of SHIELD."

We have considered the cases cited by appellant, including Lever Brothers Co. v. Blair Fashions, Inc., 156 USPQ 717 (TTAB 1967), but do not find them controlling on the facts before us.

The decision of the board is affirmed. Affirmed.

RICH, J., concurs in the result.